People v Batista

2026 NY Slip Op 02471

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Shawn Batista, Defendant-Appellant.

Decided and Entered: April 23, 2026

Ind No. 459/21|Appeal No. 6437|Case No. 2023-00938|

Before: Scarpulla, J.P., Friedman, Gesmer, Shulman, Chan, JJ.

Twyla Carter, The Legal Aid Society, New York (Noah Sherr Breslau of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Mary McGarvey-Depuy of counsel), for respondent.

[*1]

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J. on motion to dismiss; Dineen A. Riviezzo, J. at plea and sentencing), rendered January 18, 2023, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of two years followed by two years of postrelease supervision, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed at sentencing, and otherwise affirmed.

Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US 1302 [2020]), which forecloses his as-applied constitutional challenge to the age restriction in New York's gun licensing scheme (see People v Johnson, — NY3d —,—, 2025 NY Slip Op 06528, *2 [2025]). As alternative holdings, we find that the claim is unpreserved because it was not asserted in the trial court (see People v Cabrera, 41 NY3d 35, 41-52 [2023]; People v Maldonado, 242 AD3d 419, 420 [1st Dept 2025], lv denied 44 NY3d 1053 [2025]), and we decline to review it in the interest of justice. In any event, the claim has no merit (see People v Tompson, 235 AD3d 540, 541 [1st Dept 2025], lv denied 43 NY3d 1012 [2025]; People v Bailey, 234 AD3d 560, 561 [1st Dept 2025], lv denied 43 NY3d 1044 [2025]).

Defendant's facial challenge survives his voluntary waiver of the right to appeal, and he had standing to assert it on appeal regardless of whether he sought to obtain a gun license (see Johnson, 2025 NY Slip Op 06528, *2 [2025]). However, the facial constitutional challenge fails on the merits because New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) did not strike down New York's gun-licensing scheme in its entirety but rather invalidated the statute's proper cause requirement and left the balance of the statute undisturbed (see Johnson, 2025 NY Slip Op 06528, *3).

Defendant's valid waiver of his right to appeal also forecloses review of his excessive sentence claim. In any event, there is no basis for reducing the term of postrelease supervision.

However, based on our interest of justice powers, we vacate the mandatory surcharge and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434, 435 [1st Dept 2021]). We note that the People do not oppose this relief.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026